OCT-31-03 FRI 09:33 AM                FAX NO.                    P. 02
Mike Bowen  Case 1:00-cv-01037-RDB   Document 61-9   Filed 10/31/2003   Page 1 of 7   Page 1
Affidavit of Mike-2.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

MID-STATE SURETY CORPORATION  *

    Plaintiff  *

v.  *  CIVIL ACTION NO.: AMD-00CV1037

MADIGAN CONSTRUCTION CO., INC.,  *
et al.
                                           *

    Defendants
                         *    *    *    *    *

## AFFIDAVIT OF B. MICHAEL BOWEN

STATE OF NEVADA    )
                              )   to wit:
COUNTY OF CLARK   )

I, B. MICHAEL BOWEN, being duly sworn, depose and state:

1. I am over 21 years of age, and I have personal knowledge of the matters alleged in the Complaint, the Amended Complaint and this Motion for Summary Judgment (the "Motion"). In addition, I am personally familiar with the documents referred to in the Motion and the facts and circumstances addressed in the Motion.

2. I am the Claims Manager for Mid-State surety Corporation ("Mid-State"), the Plaintiff in this action. I have been employed in various capacities in the bond cvlaim business for 33 years. Mid-State, as surety, issued construction contract performance and payment bonds (collectively, the "Bonds") on behalf of Madigan Construction Co., Inc. ("Madigan Construction"), in connection with seven (7) construction projects located in the State of Maryland (collectively, the "Projects"). With the sole exception of the Estep Bros. Funeral Homes, Inc. project, which this Court has ordered that the parties resolve through arbitration



outside of this case, all six of the remaining projects involve public improvements. Four projects involve school construction for the Baltimore County and Howard County School Systems, one project involves construction at the Baltimore-Washington International Airport performed for the Maryland Aviation Administration, and the final public project involves construction at the Maryland Port Authority Seagirt Terminal. Accordingly, with respect to the six public Projects, the Bonds provided by Mid-State were required by the Maryland Little Miller Act in order to protect the interests of the State of Maryland and its various agencies, and to insure payment to laborers and materialmen providing work on the public improvements being bonded. On or about October 12, 2000, Madigan Construction admitted in a joint Stipulation of Facts that it was terminated, for default, by project owners in connection with each of the seven Bonded Projects. In addition, Madigan Construction admitted that numerous subcontractors and suppliers had asserted claims against Mid-State pursuant to the Bonds. See Exhibit 2 to the Motion.

3. At all relevant times, I was, and have been in charge, personally, of the review, evaluation and adjustment of all claims submitted against the Bonds by owners, subcontractors and suppliers. In the normal course of performing my duties as Claims Manager, I also retained, supervised and directed the activities of attorneys, consultants and others referred to in the Motion. I personally reviewed and approved payment to those attorneys, consultants and others after determining, generally, that the charges being submitted for payment were consistent with my directions as Claims Manager, that the services performed were reasonably necessary in connection with Mid-State's fulfillment of its obligations under the Bonds, and that the amounts charged were fair and reasonable and consistent with, or below the amounts charged, generally, in the surety industry in connection with the evaluation and adjustment of claims under

performance and payment bonds, and the completion of construction projects following the default termination of bond principals.

4. At various times, other employees of Mid-State have worked on this matter, under my supervision, review and direction. Their efforts have included entering data relevant to Madigan Construction into Mid-State's computer system. All decisions concerning the review, analysis and payment of claims and expenses in connection with the Bonds, and the necessity for retaining the services of attorneys or consultants in connection with claims against the Bonds, were made by me, personally, however.

5. I previously submitted an Affidavit in this matter, in support of Mid-State's first Motion for Summary Judgment, on October 25, 2001 (the "First Affidavit"). Since the time of my First Affidavit, several facts have changed.

First, Mid-State has completed or caused the completion of all of the Projects subsequent to Madigan Construction's default. In addition, Mid-State has identified various claims against Project owners and, in conjunction with prior counsel for Madigan Construction, has asserted and resolved claims against various Project owners. Accordingly, Mid-State is no longer making payments pursuant to its performance bond obligations, and the aggregate amount of all payments made pursuant to Mid-State's performance bond obligations has been liquidated.

Second, since the date of my First Affidavit, Mid-State has adjusted, paid and resolved all claims of Madigan Construction's subcontractors and suppliers pursuant to its payment bond obligations, or has otherwise concluded all litigation with payment bond claimants. Accordingly, Mid-State's losses pursuant to its payment bond obligations have been

liquidated.

Third, with the sole exception of the Ilchester Elementary School Project, Mid-State has recovered all sums potentially due from project owners, whether deriving from the recovery of the balance of contract receivables on various projects, or from the assertion of claims by Mid-State and/or Madigan Construction against project owners. Mid-State anticipates receiving a final payment in the amount of approximately $21,000.00 from the Howard County Public Schools in connection with the Ilchester Elementary School Project. Accordingly, for purposes of this Motion for Summary Judgment, Mid-State will treat the sum of $21,000.00 as "received", and has applied the sum of $21,000.00 as a "credit" against all amounts being sought in the Motion.

6. On August 21, 2003, and at my direction, my counsel filed and served its First Request for Admissions to Madigan Construction, and Paul W. and Carolyn M. Madigan. I provided our counsel with the information contained on Exhibits 1 through 6 of Mid-State's First Request for Admissions. The information contained on Exhibits 1 through 6 records the date, recipient and amount of payments made by Mid-State, as surety, to project owners, laborers and materialmen, and consultants and/or attorneys employed and supervised by me in connection with the adjustment of claims asserted against the Bonds. With the limited exception noted below, the information contained on each of Exhibits 1 through 6 was entered by me, or at my direction, into the computer record systems maintained in the normal course of business by Mid-State. I personally reviewed the information contained on each of Exhibits 1 through 6 to determine that the information was accurate, true and correct. With the exception of the matters discussed in paragraph 13 hereinbelow, all of the information contained on Exhibits 1 through 6

4

to Mid-State's First Request for Admissions are accurate, true and correct.

7. Exhibit 1 to Mid-State's First Request for Admissions involves Bond Nos. 320171 issued by Mid-State, on behalf of Madigan Construction, in connection with the Sparrows Point High School Project. Mid-State has received no recoveries in connection with that project.

8. Exhibit 2 to Mid-State's First Request for Admissions involves Bond Nos. 320176 issued by Mid-State, on behalf of Madigan Construction, in connection with the Maryland Port Administration – Crane Service Building Project. Mid-State has recovered $377,646.17 from the State of Maryland in connection with that project.

9. Exhibit 3 to Mid-State's First Request for Admissions involves Bond Nos. 320194 issued by Mid-State, on behalf of Madigan Construction, in connection with the Renovation of Four Earth Science Classrooms at Kenwood High School Project. Mid-State has recovered $160,770.00 from Baltimore County, Maryland in connection with that project.

10. Exhibit 4 to Mid-State's First Request for Admissions involves Bond Nos. 320213 issued by Mid-State, on behalf of Madigan Construction, in connection with the Maryland Transportation Authority Police Facility at BWI Airport Project. Mid-State has recovered $279,428.33 from the State of Maryland in connection with that project.

11. Exhibit 5 to Mid-State's First Request for Admissions involves Bond Nos. 320228 issued by Mid-State, on behalf of Madigan Construction, in connection with the Johnnycake and Shady Spring Elementary School Additions Project. Mid-State has recovered $1,167,532.08 from Baltimore County, Maryland in connection with that project.

12. Exhibit 6 to Mid-State's First Request for Admissions involved Bond Nos.

320254 issued by Mid-State, on behalf of Madigan Construction, in connection with the Ilchester Elementary School Addition Project. As stated above, while Mid-State has received no recovery in connection with this project, Mid-State anticipates receiving a recovery in an amount less then $21,000.00 in connection with this project. Accordingly, for purposes of my Affidavit and this Motion for Summary Judgment, Mid-State has "credited" Madigan Construction and the Indemnitors in the amount of $21,000.00, as if the payment had actually been received.

13. On September 28, 2003, in preparing this Affidavit in Support of Mid-State's Motion for Summary Judgment, I discovered a clerical error in two entries contained on Exhibit 5 to Mid-State's First Request for Admissions. Specifically, a payment to Saguaro Construction, Inc. on November 27, 2000 was shown in the amount of $12,832.38. In fact, the actual amount of that payment was $212,832.38. In addition, a payment to Saguaro Construction, Inc. on or about December 20, 2000 was shown in the amount of $81,545.13. In fact, the actual amount of that the payment was $181,545.13. In view of these clerical errors, Mid-State served a Second Request for Admissions to Madigan Construction and Paul W. and Carolyn M. Madigan on September 29, 2003, requesting that the Defendants admit to the correct amounts of these two payments.

14. Neither Madigan Construction, Paul W. Madigan or Carolyn M. Madigan have responded to Mid-State's First Request for Admissions, or Mid-State's Second Request for Admissions.

15. Other than the anticipated recovery from the Howard County Board of Education in connection with the Ilchester Elementary School Addition Project, which has already been "credited" to the Defendants, Mid-State does not anticipate receiving any further

recoveries in connection with the Bonds or the Projects. In the event that any additional recovery is made, however, the amount of that recovery will be either credited to the Defendants, or returned to the Defendants, in full, in the event that any such recovery is made after the date of payment by the Defendants to Mid-State.

16. The aggregate amount of all payments made by Mid-State in connection with loss, cost and expense, in connection with the Bonds, as reflected on Exhibits 1 through 6 (as corrected) to Mid-State's First and Second Requests for Admissions is $3,270,943.44 ("Mid-State's Total Loss"). The total amount of recoveries obtained by Mid-State to be credited against Mid-State's Total Loss, including a "credit" in the amount of $21,000.00 in connection with the Ilchester Elementary School Addition Project, is $2,006,376.58 ("Mid-State's Recoveries"). After crediting Mid-State's Recoveries against Mid-State's Total Loss, the total amount admittedly due and owing from the Defendants to Mid-State is $1,264,566.86.

_____
B. Michael Bowen

State of Nevada,

County of Clark, to wit:

I HEREBY CERTIFY that before me, a Notary Public in and for the State of Michigan, County of Wayne, as aforesaid, personally appeared B. Michael Bowen, as Claims Manager of Mid-State Surety Corporation, and made oath in due form of law that the facts and matters set forth herein are true and correct.

As Witness, my hand and Notarial Seal, this 28th day of October, 2003.

_____
Notary Public

My Commission Expires: August 2, 2005

Gail Trevor
Notary Public Macomb County, MI
Acting In Wayne County, Michigan
My Commission Expires
August 2, 2005

7