IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

MID-STATE SURETY CORPORATION  *

    Plaintiff  *

v.  *  CIVIL ACTION NO.: AMD-00CV1037

MADIGAN CONSTRUCTION CO., INC.,  *
et al.
      *

    Defendants
    *   *   *   *   *

### NOTICE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY this 21st day of August, 2003, copies of Plaintiff, Mid-State Surety Corporation's Request for Admissions directed to Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, together with a copy of this Notice, were sent by first class mail, postage prepaid, to:

    Madigan Construction Company, Inc.
    c/o Paul W. Madigan, President
    211 Maitland Street, Suite 100
    Bel Air, Maryland 21014

    Madigan Construction Company, Inc.
    c/o Paul W. Madigan, President
    936 Glenangus Road
    Bel Air, Maryland 21015

    Madigan Construction Company, Inc.
    c/o Paul W. Madigan, President
    100 Bernadette Drive
    Forest Hill, Maryland 21050

    Paul W. Madigan
    100 Bernadette Drive
    Forest Hill, Maryland 21050



EXHIBIT 7

Paul W. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
100 Bernadette Drive
Forest Hill, Maryland 21050

---

Patrick M. Pike   Trial Bar: M04750
Goldberg, Pike & Besche, P.C.
100 South Charles Street
Tower II, Suite 1001
Baltimore, Maryland 21201-2728
(410) 539-1004

Attorneys for Mid-State Surety Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

MID-STATE SURETY CORPORATION     *

    Plaintiff                                  *

v.                                              *      CIVIL ACTION NO.: AMD-00CV1037

MADIGAN CONSTRUCTION CO., INC.,   *
et al.
                                          *
    Defendants
                                          *

                     *     *     *     *     *

**MID-STATE SURETY CORPORATION'S
REQUEST FOR ADMISSIONS TO
MADIGAN CONSTRUCTION CO., INC.,
<u>PAUL W. MADIGAN AND CAROLYN M. MADIGAN</u>**

Plaintiff, Mid-State Surety Corporation, by its undersigned attorneys, and pursuant to Fed. R. Civ. P. 36, requests that Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, jointly, severally and individually (collectively, the "Indemnitors"), admit the truth of the following facts as stated below.

### **DEFINITIONS AND INSTRUCTIONS**

These definitions apply throughout this Request for Admissions:

    1.      The words "**Document, and the Documents** requested herein," include all "writings and recordings," "photographs," "originals" and "duplicates" as contemplated in Rule 1001 of the Federal Rules of Evidence and includes the original and all copies bearing notations or marks not found on the original, as well as all drafts. Without limiting the generality of the foregoing, "Document" is used in this request in the broadest and most inclusive sense, and includes, but is not limited to, written, typed, printed, recorded, graphic, reproducible or tangible matter, however produced or reproduced, of any kind and/or description, whether an original, master, duplicate, or copy, including but not limited to papers, notes, letters, correspondence, memoranda, telegrams, mailgrams, facsimiles, communications, drawings, prints, sketches, renderings, field clarifications, specifications, punch lists, books, pamphlets, manuals, advertisements, articles, publications, contracts, agreements, promissory notes, security agreements, deeds, mortgages, change orders, proposals, reports, studies, extracts, summaries,

pleadings or papers filed in any judicial or quasi-judicial proceeding, schedules, CPM's, work papers, calculations, computations, compilations, digests, lists, charts, indices, records, messages, notes of conversation, accounts, invoices, delivery tickets, receipts, releases, bills, draws, inventories, applications for payment, orders, checks, deposit slips, letters of credit, photographs, models, mock-ups, maps, plats, minutes, transcriptions, field notes, field reports, diaries, appointment books, calendars, sound recordings, video tapes or movies, and any electronic, magnetic or other word or data storage tapes, cards, discs, modules, or other memory devices, and information retrievable from storage systems, including computer generated reports and printouts. If a Document has been modified by the addition or deletion of signatures, notations, or any other matter, or has been prepared in multiple copies which are not identical, each non-identical copy is a separate Document.

2. As used herein, all references in the singular include the plural, and all plural references include the singular.

3. "Person," as used herein, shall mean all individuals and entities including, but not limited to, natural persons, sole proprietorships, firms, limited liability companies, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors, and the Indemnitors, jointly, severally and collectively.

4. "Madigan," or the "Indemnitors" as used herein, shall mean **Madigan Construction Co., Inc., Paul W. Madigan** and **Carolyn M. Madigan,** jointly, severally and collectively and any of its or their officers, former officers, agents, former agents, employees, former employees, accountants, consultants, experts, attorneys or other representatives, past or present, and its or their assignees or successors.

5. "Agreement of Indemnity" shall mean that agreement dated September 8, 1997 and executed by Madigan Construction Co., Inc., Paul W. Madigan and Carolyn M. Madigan.

6. "Mid-State" shall mean **Mid-State Surety Corporation,** and any of its officers, former officers, agents, former agents, employees, former employees, assignees or successors.

7. "Correspondence" shall mean any letter, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of the communication and includes all attachments and enclosures thereto.

8. "Communication" shall mean any written or oral transmission, information, or opinion, including any utterance, notation or statement of any nature whatsoever, including, but not limited to, Documents and Correspondence as defined above.

9. "Party" or "Parties" shall mean those individuals and entities involved in this present action.

10. "You," "Your" and "Yourself" shall mean the party whom this Request for Admissions is directed, jointly, severally and collectively, the person or persons answering this

Request for Admissions on its behalf, and any present or former officer, employee, agent, servant, or representative.

11.  **"Agreement"** shall mean any express or implied, written or oral, formal or informal contract, agreement, arrangement or understanding of any kind, including any schedule, addendum, exhibit, or amendment incorporated therein by reference, and any amendment(s) thereto or modification(s) thereof.

12.  **"Date"** shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

13.  The terms **"refer to"** or **"relate to"** or **"refer or relate to"** mean to reflect, contain, pertain to, refer or make reference to, indicate, show, concern, evidence, describe, discuss, mention, bear upon either factually or conceptually or comprise, in whole or in part.

14.  The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

15.  Whenever the term "all" is used, it shall also be construed to mean "any" and "each", and vice versa.

16.  Throughout this Request for Admissions, the singular shall include the plural, and the plural shall include the singular. Unless otherwise indicated, this Request for Admissions refers to the time, place and circumstances of the events or occurrences mentioned or complained of by Mid-State in the Complaint, and by You in your Answer.

17.  Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

18.  Whenever a verb is used herein in the present, past, future, subjective or other tense, voice or mood, it shall also be construed to include all other terms, voices or moods.

19.  **"Answer"** or **"Your Answer"** shall mean and refer to those statements, contentions, allegations and/or averments contained in your "Answer of Defendants To Complaint" dated May 24, 2000.

20.  The **"Complaint"** shall mean the Complaint filed by the Plaintiff, Mid-State Surety Corporation, and each of its exhibits, commencing Civil Action No. AMD-00CV1037.

21.  The **"Lawsuit"** shall mean Civil Action No. AMD-00CV1037.

3

## **REQUESTS FOR ADMISSIONS**

1.  That pursuant to Madigan's Requests for Production of Documents, Mid-State produced or made available for production to Madigan all Documents, including without limitation, bonds, contracts, Correspondence, invoices, bills, time records, cancelled checks, receipts, releases, assignments and plans and specifications, maintained, received and/or generated by Mid-State, Goldberg, Pike & Besche, P.C. and Saguaro Construction, Inc., and documenting, explaining and confirming the payments set forth on Exhibits 1 through 6, attached hereto.

2.  That in connection with the depositions of B. Michael Bowen and Lyn Farley, Mid-State produced or made available for production to Madigan all Documents, including without limitation, bonds, contracts, Correspondence, invoices, bills, time records, cancelled checks, receipts, releases, assignments and plans and specifications, maintained, received and/or generated by Mid-State, Goldberg, Pike & Besche, P.C. and Saguaro Construction, Inc., and documenting, explaining and confirming the payments set forth on Exhibits 1 through 6, inclusive.

3.  That pursuant to Madigan's Requests for Production of Documents, Mid-State produced or made available for production to Madigan all documents, including, without limitation, all Correspondence, claims bills and invoices describing and supporting Mid-State's payments to all suppliers of labor, materials and services required for the fulfillment of Mid-State's obligations pursuant to the performance and payment bonds identified on Exhibits 1 through 6, inclusive.

4. That the information contained on Exhibits 1 through 6 represents a true and accurate summary of payments made by Mid-State, as surety, in connection with its obligations pursuant to the performance and payment bonds identified thereon.

5. That each payment identified on Exhibit 1, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320171.

6. That each payment identified on Exhibit 1, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

7. That each payment identified on Exhibit 1, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

8. That the amount of each payment identified on Exhibit 1, attached hereto, was reasonable under the circumstances.

9. That each payment identified on Exhibit 2, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320176.

10. That each payment identified on Exhibit 2, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

11. That each payment identified on Exhibit 2, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

12. That the amount of each payment identified on Exhibit 2, attached hereto, was reasonable under the circumstances.

13. That each payment identified on Exhibit 3, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320194.

14. That each payment identified on Exhibit 3, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

15. That each payment identified on Exhibit 3, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

16. That the amount of each payment identified on Exhibit 3, attached hereto, was reasonable under the circumstances.

17. That each payment identified on Exhibit 4, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320213.

18. That each payment identified on Exhibit 4, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

19. That each payment identified on Exhibit 4, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

20. That the amount of each payment identified on Exhibit 4, attached hereto, was reasonable under the circumstances.

21. That each payment identified on Exhibit 5, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320228.

22. That each payment identified on Exhibit 5, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

23. That each payment identified on Exhibit 5, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

24. That the amount of each payment identified on Exhibit 5, attached hereto, was reasonable under the circumstances.

25. That each payment identified on Exhibit 6, attached hereto, was made by Mid-State to the Person identified thereon, and in the amount shown, pursuant to Mid-State's obligations pursuant to performance and payment bonds numbered 320254.

26. That each payment identified on Exhibit 6, attached hereto, was made by Mid-State in good faith after an evaluation of the merits of and support for each claim, in the belief that the payment made was fully due and owing.

27. That each payment identified on Exhibit 6, attached hereto, was made by Mid-State to the Person indicated without any motive or intention to injure or defraud Madigan, and without any malice or improper purpose toward Madigan.

28.  That the amount of each payment identified on Exhibit 6, attached hereto, was reasonable under the circumstances.

29.  That Exhibits 1 through 6 are admissible in evidence to conclusively establish the current amount of loss, cost and expense payments incurred and paid by Mid-State as a result of the issuance by Mid-State, as surety, of performance and payment bonds on behalf of Madigan, as principal.

_____
Patrick M. Pike, Trial Bar: M04750
Goldberg, Pike & Besche, PC
100 S. Charles Street
Tower II, Suite 1001
Baltimore, MD 21201
(410) 468-1362

Attorneys for Mid-State Surety Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 21st day of August, 2003, copies of Plaintiff, Mid-State Surety Corporation's Request for Admissions directed to Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, together with a copy of this Notice, were sent by first class mail, postage prepaid, to:

> Madigan Construction Company, Inc.
> c/o Paul W. Madigan, President
> 211 Maitland Street, Suite 100
> Bel Air, Maryland 21014
>
> Madigan Construction Company, Inc.
> c/o Paul W. Madigan, President
> 936 Glenangus Road
> Bel Air, Maryland 21015

8

Madigan Construction Company, Inc.
c/o Paul W. Madigan, President
100 Bernadette Drive
Forest Hill, Maryland 21050

Paul W. Madigan
100 Bernadette Drive
Forest Hill, Maryland 21050

Paul W. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
100 Bernadette Drive
Forest Hill, Maryland 21050

_____
Patrick M. Pike   Trial Bar: M04750

## EXHIBIT 1
**Bond Nos. 320171**

| Claimant | Date of Claim | Amount Paid |
| --- | --- | --- |
| Alliance Electric Co., Inc. | April 3, 2000 | $ 7,500.00 |
| Baldwin Mechanical Contractors, Inc. | June 21, 2000 | $ 6,504.00 |

**EXHIBIT 2**
**Bond Nos. 320176**

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Lee Lumberjack Co. | July 24, 2000 | $ 712.72 |
| Iacoboni Site Specialists | October 3, 2000 | $ 37,771.00 |
| Iacoboni Site Specialists | September 9, 2002 | $ 10,784.00 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 3,636.81 |
| AAA Temporary Overload Personnel | October 26, 2000 | $ 4,520.94 |
| Structural Steel Fabricators, Inc | December 18, 2000 | $ 4,575.00 |
| B.A. Harris Construction | December 28, 2000 | $ 9,677.39 |
| Fleet Photo Pipe, Inc. | January 7, 2001 | $ 1,365.00 |
| Penniman & Browne, Inc. | January 8, 2001 | $ 458.50 |
| State of the Art Civil Engineering | March 7, 2001 | $ 854.50 |
| Gran-Tec Bldg. Excavating | July 13, 2001 | $ 6,000.00 |
| Free State Steel (sub: Gran-Tec) | July 13, 2001 | $ 6,470.63 |
| Saguaro Construction, Inc. | October 31, 2000 | $ 2,704.62 |
| Saguaro Construction, Inc. | December 20, 2000 | $ 48,458.85 |
| Saguaro Construction, Inc. | December 31, 2000 | $144,272.82 |
| Saguaro Construction, Inc. | January 31, 2001 | $ 79,609.07 |
| Saguaro Construction, Inc. | February 28, 2001 | $ 78,458.52 |
| Saguaro Construction, Inc. | April 9, 2001 | $ 62,124.11 |
| Saguaro Construction, Inc. | April 30, 2001 | $ 38,760.09 |
| Saguaro Construction, Inc. | May 5, 2001 | $ 81,807.15 |
| Saguaro Construction, Inc. | July 10, 2001 | $ 30,174.37 |
| Saguaro Construction, Inc. | July 31, 2001 | $ 63,187.70 |
| Saguaro Construction, Inc. | September 17, 2001 | $ 52,000.52 |
| Saguaro Construction, Inc. | March 7, 2002 | $ 6,031.31 |
| That Saguaro Construction, Inc. | May 20, 2002 | $ 356.82 |
| Saguaro Construction, Inc. | May 20, 2002 | $ 948.89 |
| Saguaro Construction, Inc. | June 3, 2002 | $ 518.38 |
| Saguaro Construction, Inc. | June 7, 2002 | $ 198.00 |
| Saguaro Construction, Inc. | July 11, 2002 | $ 13,389.29 |
| Meger, Mercer & Alber | September 6, 2000 | $ 799.50 |
| Meger, Mercer & Alber | November 15, 2000 | $ 975.00 |
| Meger, Mercer & Alber | January 3, 2001 | $ 58.50 |
| Saguaro Construction, Inc. | January 5, 2001 | $ 205.05 |
| Saguaro Construction, Inc. | January 5, 2001 | $ 500.00 |
| Goldberg, Pike & Besche, P.C. | September 3, 2002 | $ 11,493.33 |
| The Construction Analyst | July 31, 2002 | $ 1,094.82 |
| Goldberg, Pike & Besche, P.C. | October 2, 2002 | $ 2,751.59 |
| The Construction Analyst | September 30, 2002 | $ 2,152.33 |
| Goldberg, Pike & Besche, P.C. | November 4, 2002 | $ 5,591.68 |
| The Construction Analyst | November 1, 2002 | $ 150.00 |
| LYNX Construction | August 31, 2003 | $ 3,521.25 |

## EXHIBIT 3
### Bond Nos. 320194

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Best Mechanical, Inc. | February 8, 2000 | $ 10,000.00 |
| A-L Abatement, Inc. | February 9, 2000 | $ 490.00 |
| Glover Equipment | May 5, 2000 | $ 50,000.00 |
| Building Specialties, Inc. | February 28, 2000 | $ 5,301.00 |
| Harrington Ind. & Best Mechanical | June 8, 2000 | $ 1,191.97 |
| Saguaro Construction, Inc. | July 21, 2000 | $ 82,692.10 |
| Saguaro Construction, Inc. | August 21, 2000 | $ 40,779.00 |
| Saguaro Construction, Inc. | September 7, 2000 | $ 8,343.00 |
| Saguaro Construction, Inc. | October 8, 2000 | $ 5,389.57 |
| Saguaro Construction, Inc. | December 20, 2000 | $ 8,196.89 |
| Forcon International - Maryland | March 16, 2000 | $ 2,000.64 |
| Forcon International - Maryland | April 21, 2000 | $ 4,908.48 |
| B. Michael Bowen for Expenses | June 5, 2000 | $ 195.58 |
| Mid-State Surety Corporation for Intercompany Billing | June 30, 2000 | $ 1,022.00 |
| B. Michael Bowen for Expenses | July 31, 2000 | $ 154.57 |
| B. Michael Bowen for Expenses | July 31, 2000 | $ 203.53 |
| Goldberg, Pike & Besche, P.C. | August 16, 2000 | $ 10,317.03 |
| John T. DeLaughder | August 30, 2000 | $ 5,124.82 |
| Goldberg, Pike & Besche, P.C. | September 30, 2001 | $ 12,483.99 |
| Unishippers | October 31, 2001 | $ 18.55 |
| B. Michael Bowen for Expenses | December 31, 2001 | $ 329.65 |
| Unishippers | December 31, 2001 | $ 16.37 |

**EXHIBIT 4**
**Bond Nos. 320213**

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Livingston Fire Protection | March 22, 2000 | $ 9,500.00 |
| ARC Construction Services | May 11, 2000 | $ 32,710.00 |
| T.L. Nelson, Inc. | May 11, 2000 | $ 14,450.00 |
| Sunshine Electric, Inc. | May 15, 2000 | $ 37,435.86 |
| Eldersburg Building Supply Co. | May 17, 2000 | $ 18,737.72 |
| Christopher Miller Company | May 24, 2000 | $ 21,000.00 |
| J.K. Tile Co., Inc. | June 5, 2000 | $ 25,432.00 |
| Metro Ready Mix, Inc. | June 5, 2000 | $ 5,295.95 |
| B&K Drywall | June 5, 2000 | $ 22,500.00 |
| Arundel Door Specialists | June 6, 2000 | $ 5,990.00 |
| Lee Technologies Group | June 8, 2000 | $ 24,662.50 |
| Maryland Iron, Inc. | June 8, 2000 | $ 11,362.00 |
| McKinney Landscape | June 28, 2000 | $ 900.00 |
| DCW Contracting, Inc. | June 29, 2000 | $ 14,500.00 |
| The G-S Company | July 3, 2000 | $ 16,200.00 |
| FRS Flooring, Inc. | July 3, 2000 | $ 14,635.00 |
| Signs and Wonders | July 18, 2000 | $ 1,150.00 |
| Southern Maryland Metal Products | July 24, 2000 | $ 4,031.50 |
| Lee Lumberjack Co. | July 24, 2000 | $ 2,139.52 |
| Honeywell, Inc. | July 25, 2000 | $ 53,000.00 |
| Horton Mechanical Contractors | August 8, 2000 | $ 64,012.71 |
| The A. G. Mauro Company | August 9, 2000 | $ 11,849.00 |
| Ameristeel | August 18, 2000 | $ 483.84 |
| Cole Roofing Co., Inc. | September 15, 2000 | $ 9,991.00 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 763.49 |
| AAA Temporary Overload Personnel | October 26, 2000 | $ 1,333.51 |
| Banner Striping & Sealcoating | November 10, 2000 | $ 375.00 |
| BFPE International | November 22, 2000 | $ 832.18 |
| Tenn Security, Inc. | December 21, 2000 | $ 4,890.00 |
| Penniman & Browne, Inc. | January 8, 2001 | $ 2,179.00 |
| Eastern Glass & Glazing | January 11, 2001 | $ 9,000.00 |
| Lockheed Martin Mission Systems | March 12, 2001 | $ 20,892.00 |
| Livingston Fire Protection | March 22, 2000 | $ 9,500.00 |
| ARC Construction Services | May 11, 2000 | $ 32,710.00 |
| T.L. Nelson, Inc. | May 11, 2000 | $ 14,450.00 |
| Sunshine Electric, Inc. | May 15, 2000 | $ 37,435.86 |
| Eldersburg Building Supply Co. | May 17, 2000 | $ 18,737.72 |
| Christopher Miller Company | May 24, 2000 | $ 21,000.00 |
| J.K. Tile Co., Inc. | June 5, 2000 | $ 25,432.00 |
| Metro Ready Mix, Inc. | June 5, 2000 | $ 5,295.95 |

Exhibit 4 - Cont'd

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| B&K Drywall | June 5, 2000 | $ 22,500.00 |
| Arundel Door Specialists | June 6, 2000 | $ 5,990.00 |
| Lee Technologies Group | June 8, 2000 | $ 24,662.50 |
| Maryland Iron, Inc. | June 8, 2000 | $ 11,362.00 |
| McKinney Landscape | June 28, 2000 | $ 900.00 |
| DCW Contracting, Inc. | June 29, 2000 | $ 14,500.00 |
| The G-S Company | July 3, 2000 | $ 16,200.00 |
| FRS Flooring, Inc. | July 3, 2000 | $ 14,635.00 |
| Signs and Wonders | July 18, 2000 | $ 1,150.00 |
| Southern Maryland Metal Products | July 24, 2000 | $ 4,031.50 |
| Lee Lumberjack Co. | July 24, 2000 | $ 2,139.52 |
| Honeywell, Inc. | July 235, 2000 | $ 53,000.00 |
| Horton Mechanical Contractors | August 8, 2000 | $ 64,012.71 |
| The A. G. Mauro Company | August 9, 2000 | $ 11,849.00 |
| Ameristeel | August 18, 2000 | $ 483.84 |
| Cole Roofing Co., Inc. | September 15, 2000 | $ 9,991.00 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 763.49 |
| AAA Temporary Overload Personnel | October 26, 2000 | $ 1,333.51 |
| Banner Striping & Sealcoating | November 10, 2000 | $ 375.00 |
| BFPE International | November 22, 2000 | $ 832.18 |
| Tenn Security, Inc. | December 21, 2000 | $ 4,890.00 |
| Penniman & Browne, Inc. | January 8, 2001 | $ 2,179.00 |
| Eastern Glass & Glazing | January 11, 2001 | $ 9,000.00 |
| Lockheed Martin Mission Systems | March 12, 2001 | $ 20,892.00 |
| Goldberg, Pike & Besche, P.C. | November 3, 2000 | $ 12,484.33 |
| HamerEvans | January 3, 2001 | $ 15.24 |
| Goldberg, Pike & Besche, P.C. | January 5, 2001 | $ 3,543.40 |
| Goldberg, Pike & Besche, P.C. | January 3, 2001 | $ 4,269.52 |
| Goldberg, Pike & Besche. P.C. | February 2, 2001 | $ 6,091.13 |
| Goldberg, Pike & Besche, P.C. | March 7, 2001 | $ 7,814.74 |
| Siskind, Grady, Rosen, Hoover & Levin | March 31, 2001 | $ 932.50 |
| Goldberg, Pike & Besche, P.C. | April 9, 2001 | $ 6,842.99 |
| Siskind, Grady, Rosen, Hoover & Levin | April 30, 2001 | $ 179.00 |
| Goldberg, Pike & Besche, P.C. | June 4, 2001 | $ 10,544.00 |
| Goldberg, Pike & Besche, P.C. | July 3, 2001 | $ 7,046.07 |
| Mid-State Surety Corporation for Intercompany Billing | July 31, 2001 | $ 968.50 |
| Goldberg, Pike & Besche, P.C. | September 5, 2001 | $ 14,415.87 |
| Goldberg, Pike & Besche, P.C. | September 30, 2001 | $ 2,438.03 |
| Goldberg, Pike & Besche, P.C. | November 1, 2001 | $ 10,467.40 |
| Goldberg, Pike & Besche, P.C. | November 30, 2001 | $ 3,636.47 |
| Goldberg, Pike & Besche, P.C. | January 3, 2002 | $ 1,590.17 |
| Goldberg, Pike & Besche, P.C. | February 1, 2002 | $ 5,410.87 |

Exhibit 4 - Cont'd

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| B. Michael Bowen for Expenses | February 21, 2002 | $ 211.88 |
| Court Reporting Concepts, Inc. | February 21, 2002 | $ 687.65 |
| Goldberg, Pike & Besche, P.C. | March 1, 2002 | $ 8,611.41 |
| Airfare | March 31, 2002 | $ 671.50 |
| Goldberg, Pike & Besche, P.C. | April 3, 2002 | $ 2,416.80 |
| Goldberg, Pike & Besche, P.C. | May 2, 2002 | $ 1,714.50 |
| Goldberg, Pike & Besche, P.C. | June 4, 2002 | $ 3,609.75 |
| Siskind, Grady, Rosen, Hoover & Levin | May 31, 2002 | $ 78.00 |
| Goldberg, Pike & Besche, P.C. | July 2, 2002 | $ 6,575.75 |
| Unishippers | December 31, 2001 | $ 16.37 |
| Siskind, Grady, Rosen, Hoover & Levin | January 28, 2003 | $ 1,640.00 |
| Siskind, Grady, Rosen, Hoover & Levin | April 30, 2003 | $ 2,516.00 |
| Siskind, Grady, Rosen, Hoover & Levin | May 31, 2003 | $ 1,614.86 |
| Goldberg, Pike & Besche, P.C. | June 4, 2003 | $ 5,036.39 |

### EXHIBIT 5
**Bond Nos. 320228**

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Colimore Clarke Associates | March 27, 2000 | $ 23,188.13 |
| James Posey Associates, Inc. | April 11, 2000 | $ 9,000.00 |
| Peter Kurek Construction | May 23, 2000 | $ 8,000.00 |
| Brundage-Bone & Blanchet | June 21, 2000 | $ 1,021.39 |
| National Rent A Fence | July 6, 2000 | $ 1,107.45 |
| Lee Lumberjack Co. | July 24, 2000 | $ 452.44 |
| Marocco Construction | August 1, 2000 | $ 3,880.40 |
| Marocco Construction | August 1, 2000 | $ 3,930.60 |
| Gran-Tec Building/Excavating, Inc. | September 1, 2000 | $ 17,396.32 |
| S&G Concrete Co. | October 16, 2000 | $ 10,447.12 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 4,618.54 |
| Gran-Tec Building/Excavating, Inc. | January 25, 2001 | $ 11,822.82 |
| Gran-Tec Building/Excavating, Inc. | January 25, 2001 | $ 11,952.08 |
| Saguaro Construction, Inc. | June 13, 2000 | $ 61,102.00 |
| John K. Gardner Trust Acct. | June 28, 2000 | $ 23,374.00 |
| Saguaro Construction, Inc. | July 21, 2000 | $ 181,345.57 |
| Saguaro Construction, Inc. | August 21, 2000 | $ 62,089.00 |
| Saguaro Construction, Inc. | September 7, 2000 | $ 266,725.19 |
| Saguaro Construction, Inc. | October 6, 2000 | $ 204,209.71 |
| Saguaro Construction, Inc. | November 27, 2000 | $ 12,832.38 |
| Saguaro Construction, Inc. | December 20, 2000 | $ 81,545.13 |
| Saguaro Construction, Inc. | December 31, 2000 | $ 75,320.08 |
| Saguaro Construction, Inc. | January 31, 2001 | $ 28,644.31 |
| Saguaro Construction, Inc. | February 28, 2001 | $ 17,212.75 |
| Saguaro Construction, Inc. | April 6, 2001 | $ 9,139.13 |
| Saguaro Construction, Inc. | April 30, 2001 | $ 2,119.33 |
| Saguaro Construction, Inc. | June 6, 2001 | $ 6,090.76 |
| Saguaro Construction, Inc. | July 10, 2001 | $ 6,237.66 |
| Saguaro Construction, Inc. | July 31, 2001 | $ 3,017.52 |
| Saguaro Construction, Inc. | September 17, 2001 | $ 599.06 |
| Saguaro Construction, Inc. | March 7, 2002 | $ 3,207.37 |
| Saguaro Construction, Inc. | May 20, 2002 | $ 65.40 |
| Saguaro Construction, Inc. | May 20, 2002 | $ 1,333.14 |
| Saguaro Construction, Inc. | June 3, 2002 | $ 65.40 |
| Saguaro Construction, Inc. | August 7, 2002 | $ 98.10 |
| Legal Images, Inc. | May 10, 2000 | $ 137.13 |
| Penniman & Browne, Inc. | June 1, 2000 | $ 1,737.50 |
| John T. DeLaughder | June 20, 2000 | $ 600.00 |
| John T. DeLaughder | July 4, 2000 | $ 1,963.00 |
| Goldberg, Pike & Besche, P.C. | July 14, 2000 | $ 7,362.46 |
| John T. DeLaughder | July 19, 2000 | $ 11,732.03 |

Exhibit 5- Cont'd

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Page Appraisal Company | December 4, 2000 | $ 2,500.00 |
| B. Michael Bowen for Expenses | October 19, 2000 | $ 219.01 |
| B. Michael Bowen for Expenses (airfare) | March 31, 2001 | $ 235.00 |
| B. Michael Bowen for Expenses | March 31, 2001 | $ 28.00 |
| Mid-State Surety Corporation for Intercompany Billing (flight) | May 31, 2001 | $ 405.75 |
| B. Michael Bowen for Expenses | June 3, 2001 | $ 354.01 |
| B. Michael Bowen for Expenses | November 2, 2002 | $ 495.82 |
| Mid-State Surety Corporation for Intercompany Billing (flight) | December 31, 2002 | $ 698.00 |
| Goldberg, Pike & Besche, P.C. | January 6, 2003 | $ 4,442.48 |
| Home title Company, Inc. | January 14, 2003 | $ 482.00 |
| Goldberg, Pike & Besche, P.C. | February 5, 2003 | $ 2,609.38 |
| Goldberg, Pike & Besche, P.C. | March 3, 2003 | $ 1,501.15 |
| Goldberg, Pike & Besche, P.C. | April 2, 2003 | $ 1,647.43 |
| Goldberg, Pike & Besche, P.C. | May 6, 2003 | $ 2,505.33 |

## EXHIBIT 6
### Bond Nos. 320254

| Claimant | Date of Claim | Amount Paid |
| --- | --- | --- |
| Brundage-Bone & Blanchet | June 20, 2000 | $ 1,407.95 |
| Mid-Atlantic Welding & Fabricating | June 27, 2000 | $14,672.90 |
| Standard Supplies, Inc. | June 26, 2000 | $35,136.72 |
| Potomac Valley Brick & Supply | June 29, 2000 | $14,093.21 |
| The Structural Slate Co. | July 27, 2000 | $ 1,271.00 |
| Environmental Alternatives, Inc. | July 27, 2000 | $ 1,626.10 |
| Lee Lumberjack Co. | July 24, 2000 | $ 4,415.03 |
| Ameristeel | August 18, 2000 | $ 2,920.05 |
| S&G Concrete Co. | October 16, 2000 | $11,788.22 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 2,616.68 |
| AAA Temporary Overload Personnel | October 26, 2000 | $ 2,756.60 |
| BFPE International | November 22, 2000 | $    175.56 |
| Nuener Masonry Company | November 27, 2000 | $ 3,800.00 |
| State of the Art Civil Engineering | March 7, 2001 | $    810.00 |