IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| MID-STATE SURETY CORPORATION | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO.: AMD-00CV1037 |
| MADIGAN CONSTRUCTION CO., INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \*

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY this 29th day of September, 2003, copies of Plaintiff, Mid-State Surety Corporation's Second Request for Admissions directed to Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, together with a copy of this Notice, were sent by first class mail, postage prepaid, to:

> Madigan Construction Company, Inc.
> c/o Paul W. Madigan, President
> 211 Maitland Street, Suite 100
> Bel Air, Maryland 21014
>
> Madigan Construction Company, Inc.
> c/o Paul W. Madigan, President
> 936 Glenangus Road
> Bel Air, Maryland 21015
>
> Madigan Construction Company, Inc.
> c/o Paul W. Madigan, President
> 100 Bernadette Drive
> Forest Hill, Maryland 21050
>
> Paul W. Madigan
> 100 Bernadette Drive
> Forest Hill, Maryland 21050



EXHIBIT 8

Paul W. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
936 Glenangus Road
Bel Air, Maryland 21015

Carolyn M. Madigan
100 Bernadette Drive
Forest Hill, Maryland 21050

_____
Patrick M. Pike   Trial Bar: M04750
Goldberg, Pike & Besche, P.C.
100 South Charles Street
Tower II, Suite 1001
Baltimore, Maryland 21201-2728
(410) 539-1004

Attorneys for Mid-State Surety Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

MID-STATE SURETY CORPORATION    *

    Plaintiff    *

v.    *    CIVIL ACTION NO.: AMD-00CV1037

MADIGAN CONSTRUCTION CO., INC., *
et al.
   *
    Defendants
   *

\*   \*   \*   \*   \*

**MID-STATE SURETY CORPORATION'S
SECOND REQUEST FOR ADMISSIONS TO
MADIGAN CONSTRUCTION CO., INC.,
<u>PAUL W. MADIGAN AND CAROLYN M. MADIGAN</u>**

Plaintiff, Mid-State Surety Corporation, by its undersigned attorneys, and pursuant to Fed. R. Civ. P. 36, requests that Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, jointly, severally and individually (collectively, the "Indemnitors"), admit the truth of the following facts as stated below.

### <u>DEFINITIONS AND INSTRUCTIONS</u>

These definitions apply throughout this Request for Admissions:

1.    The words "**Document, and the Documents** requested herein," include all "writings and recordings," "photographs," "originals" and "duplicates" as contemplated in Rule 1001 of the Federal Rules of Evidence and includes the original and all copies bearing notations or marks not found on the original, as well as all drafts. Without limiting the generality of the foregoing, "Document" is used in this request in the broadest and most inclusive sense, and includes, but is not limited to, written, typed, printed, recorded, graphic, reproducible or tangible matter, however produced or reproduced, of any kind and/or description, whether an original, master, duplicate, or copy, including but not limited to papers, notes, letters, correspondence, memoranda, telegrams, mailgrams, facsimiles, communications, drawings, prints, sketches, renderings, field clarifications, specifications, punch lists, books, pamphlets, manuals, advertisements, articles, publications, contracts, agreements, promissory notes, security agreements, deeds, mortgages, change orders, proposals, reports, studies, extracts, summaries,

pleadings or papers filed in any judicial or quasi-judicial proceeding, schedules, CPM's, work papers, calculations, computations, compilations, digests, lists, charts, indices, records, messages, notes of conversation, accounts, invoices, delivery tickets, receipts, releases, bills, draws, inventories, applications for payment, orders, checks, deposit slips, letters of credit, photographs, models, mock-ups, maps, plats, minutes, transcriptions, field notes, field reports, diaries, appointment books, calendars, sound recordings, video tapes or movies, and any electronic, magnetic or other word or data storage tapes, cards, discs, modules, or other memory devices, and information retrievable from storage systems, including computer generated reports and printouts. If a Document has been modified by the addition or deletion of signatures, notations, or any other matter, or has been prepared in multiple copies which are not identical, each non-identical copy is a separate Document.

2. As used herein, all references in the singular include the plural, and all plural references include the singular.

3. **"Person,"** as used herein, shall mean all individuals and entities including, but not limited to, natural persons, sole proprietorships, firms, limited liability companies, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors, and the Indemnitors, jointly, severally and collectively.

4. **"Madigan,"** or the **"Indemnitors"** as used herein, shall mean **Madigan Construction Co., Inc., Paul W. Madigan and Carolyn M. Madigan,** jointly, severally and collectively and any of its or their officers, former officers, agents, former agents, employees, former employees, accountants, consultants, experts, attorneys or other representatives, past or present, and its or their assignees or successors.

5. **"Agreement of Indemnity"** shall mean that agreement dated September 8, 1997 and executed by Madigan Construction Co., Inc., Paul W. Madigan and Carolyn M. Madigan.

6. **"Mid-State"** shall mean **Mid-State Surety Corporation,** and any of its officers, former officers, agents, former agents, employees, former employees, assignees or successors.

7. **"Correspondence"** shall mean any letter, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of the communication and includes all attachments and enclosures thereto.

8. **"Communication"** shall mean any written or oral transmission, information, or opinion, including any utterance, notation or statement of any nature whatsoever, including, but not limited to, Documents and Correspondence as defined above.

9. **"Party"** or **"Parties"** shall mean those individuals and entities involved in this present action.

10. **"You," "Your"** and **"Yourself"** shall mean the party whom this Request for Admissions is directed, jointly, severally and collectively, the person or persons answering this

Request for Admissions on its behalf, and any present or former officer, employee, agent, servant, or representative.

      11.    "**Agreement**" shall mean any express or implied, written or oral, formal or informal contract, agreement, arrangement or understanding of any kind, including any schedule, addendum, exhibit, or amendment incorporated therein by reference, and any amendment(s) thereto or modification(s) thereof.

      12.    "**Date**" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

      13.    The terms "**refer to**" or "**relate to**" or "**refer or relate to**" mean to reflect, contain, pertain to, refer or make reference to, indicate, show, concern, evidence, describe, discuss, mention, bear upon either factually or conceptually or comprise, in whole or in part.

      14.    The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

      15.    Whenever the term "all" is used, it shall also be construed to mean "any" and "each", and vice versa.

      16.    Throughout this Request for Admissions, the singular shall include the plural, and the plural shall include the singular. Unless otherwise indicated, this Request for Admissions refers to the time, place and circumstances of the events or occurrences mentioned or complained of by Mid-State in the Complaint, and by You in your Answer.

      17.    Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

      18.    Whenever a verb is used herein in the present, past, future, subjective or other tense, voice or mood, it shall also be construed to include all other terms, voices or moods.

      19.    "**Answer**" or "**Your Answer**" shall mean and refer to those statements, contentions, allegations and/or averments contained in your "Answer of Defendants To Complaint" dated May 24, 2000.

      20.    The "**Complaint**" shall mean the Complaint filed by the Plaintiff, Mid-State Surety Corporation, and each of its exhibits, commencing Civil Action No. AMD-00CV1037.

      21.    The "**Lawsuit**" shall mean Civil Action No. AMD-00CV1037.

## INTRODUCTION

On August 21, 2003, Mid-State Surety Corporation served its Request for Admissions on Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, together with a Notice of Service of Discovery Materials ("Mid-State's First Request for Admissions"). Attached to Mid-State's First Request for Admissions was Exhibit 5. Exhibit 5 contained two entries as follows:

| | | |
|---|---|---|
| Saguaro Construction, Inc. | November 27, 2000 | $ 12,832.38 |
| Saguaro Construction, Inc. | December 20, 2000 | $ 81,545.13 |

These entries on Exhibit 5 to Mid-State's First Request for Admissions contained clerical errors. In fact, those entries should read as follows:

| | | |
|---|---|---|
| Saguaro Construction, Inc. | November 27, 2000 | $ 212,832.38 |
| Saguaro Construction, Inc. | December 20, 2000 | $ 181,545.13 |

## REQUEST FOR ADMISSION

1. That on November 27, 2000, Mid-State paid Saguaro Construction, Inc., by check no. 28844, $212,832.38, and on December 20, 2000, Mid-State paid Saguaro Construction, Inc., by check no. 29208, $181,545.13, the services paid for were reasonably necessary pursuant to Mid-State's obligations under Bond Nos. 320228, and the amounts paid were fair and reasonable under the circumstances. (See corrected Exhibit 5 attached).

_____
Patrick M. Pike, Trial Bar: M04750
Goldberg, Pike & Besche, PC
100 S. Charles Street
Tower II, Suite 1001
Baltimore, MD 21201
(410) 468-1362

Attorneys for Mid-State Surety Corporation

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 29th day of September, 2003, copies of Plaintiff, Mid-State Surety Corporation's Request for Admissions directed to Defendants, Madigan Construction Company, Inc., Paul W. Madigan and Carolyn M. Madigan, together with a copy of this Notice, were sent by first class mail, postage prepaid, to:

>Madigan Construction Company, Inc.
>c/o Paul W. Madigan, President
>211 Maitland Street, Suite 100
>Bel Air, Maryland 21014
>
>Madigan Construction Company, Inc.
>c/o Paul W. Madigan, President
>936 Glenangus Road
>Bel Air, Maryland 21015
>
>Madigan Construction Company, Inc.
>c/o Paul W. Madigan, President
>100 Bernadette Drive
>Forest Hill, Maryland 21050
>
>Paul W. Madigan
>100 Bernadette Drive
>Forest Hill, Maryland 21050
>
>Paul W. Madigan
>936 Glenangus Road
>Bel Air, Maryland 21015
>
>Carolyn M. Madigan
>936 Glenangus Road
>Bel Air, Maryland 21015
>
>Carolyn M. Madigan
>100 Bernadette Drive
>Forest Hill, Maryland 21050

_____
Patrick M. Pike   Trial Bar: M04750

## CORRECTED EXHIBIT 5
**Bond Nos. 320228**

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Colimore Clarke Associates | March 27, 2000 | $ 23,188.13 |
| James Posey Associates, Inc. | April 11, 2000 | $ 9,000.00 |
| Peter Kurek Construction | May 23, 2000 | $ 8,000.00 |
| Brundage-Bone & Blanchet | June 21, 2000 | $ 1,021.39 |
| National Rent A Fence | July 6, 2000 | $ 1,107.45 |
| Lee Lumberjack Co. | July 24, 2000 | $ 452.44 |
| Marocco Construction | August 1, 2000 | $ 3,880.40 |
| Marocco Construction | August 1, 2000 | $ 3,930.60 |
| Gran-Tec Building/Excavating, Inc. | September 1, 2000 | $ 17,396.32 |
| S&G Concrete Co. | October 16, 2000 | $ 10,447.12 |
| Potts & Callahan, Inc. | October 24, 2000 | $ 4,618.54 |
| Gran-Tec Building/Excavating, Inc. | January 25, 2001 | $ 11,822.82 |
| Gran-Tec Building/Excavating, Inc. | January 25, 2001 | $ 11,952.08 |
| Saguaro Construction, Inc. | June 13, 2000 | $ 61,102.00 |
| John K. Gardner Trust Acct. | June 28, 2000 | $ 23,374.00 |
| Saguaro Construction, Inc. | July 21, 2000 | $ 181,345.57 |
| Saguaro Construction, Inc. | August 21, 2000 | $ 62,089.00 |
| Saguaro Construction, Inc. | September 7, 2000 | $ 266,725.19 |
| Saguaro Construction, Inc. | October 6, 2000 | $ 204,209.71 |
| **Saguaro Construction, Inc.** | **November 27, 2000** | **$ 212,832.38** |
| **Saguaro Construction, Inc.** | **December 20, 2000** | **$ 181,545.13** |
| Saguaro Construction, Inc. | December 31, 2000 | $ 75,320.08 |
| Saguaro Construction, Inc. | January 31, 2001 | $ 28,644.31 |
| Saguaro Construction, Inc. | February 28, 2001 | $ 17,212.75 |
| Saguaro Construction, Inc. | April 6, 2001 | $ 9,139.13 |
| Saguaro Construction, Inc. | April 30, 2001 | $ 2,119.33 |
| Saguaro Construction, Inc. | June 6, 2001 | $ 6,090.76 |
| Saguaro Construction, Inc. | July 10, 2001 | $ 6,237.66 |
| Saguaro Construction, Inc. | July 31, 2001 | $ 3,017.52 |
| Saguaro Construction, Inc. | September 17, 2001 | $ 599.06 |
| Saguaro Construction, Inc. | March 7, 2002 | $ 3,207.37 |
| Saguaro Construction, Inc. | May 20, 2002 | $ 65.40 |
| Saguaro Construction, Inc. | May 20, 2002 | $ 1,333.14 |
| Saguaro Construction, Inc. | June 3, 2002 | $ 65.40 |
| Saguaro Construction, Inc. | August 7, 2002 | $ 98.10 |
| Legal Images, Inc. | May 10, 2000 | $ 137.13 |
| Penniman & Browne, Inc. | June 1, 2000 | $ 1,737.50 |
| John T. DeLaughder | June 20, 2000 | $ 600.00 |
| John T. DeLaughder | July 4, 2000 | $ 1,963.00 |
| Goldberg, Pike & Besche, P.C. | July 14, 2000 | $ 7,362.46 |
| John T. DeLaughder | July 19, 2000 | $ 11,732.03 |

Corrected Exhibit 5- Cont'd

| Claimant | Date of Claim | Amount Paid |
|---|---|---|
| Page Appraisal Company | December 4, 2000 | $ 2,500.00 |
| B. Michael Bowen for Expenses | October 19, 2000 | $ 219.01 |
| B. Michael Bowen for Expenses (airfare) | March 31, 2001 | $ 235.00 |
| B. Michael Bowen for Expenses | March 31, 2001 | $ 28.00 |
| Mid-State Surety Corporation for Intercompany Billing (flight) | May 31, 2001 | $ 405.75 |
| B. Michael Bowen for Expenses | June 3, 2001 | $ 354.01 |
| B. Michael Bowen for Expenses | November 2, 2002 | $ 495.82 |
| Mid-State Surety Corporation for Intercompany Billing (flight) | December 31, 2002 | $ 698.00 |
| Goldberg, Pike & Besche, P.C. | January 6, 2003 | $ 4,442.48 |
| Home title Company, Inc. | January 14, 2003 | $ 482.00 |
| Goldberg, Pike & Besche, P.C. | February 5, 2003 | $ 2,609.38 |
| Goldberg, Pike & Besche, P.C. | March 3, 2003 | $ 1,501.15 |
| Goldberg, Pike & Besche, P.C. | April 2, 2003 | $ 1,647.43 |
| Goldberg, Pike & Besche, P.C. | May 6, 2003 | $ 2,505.33 |