IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| MID-STATE SURETY CORPORATION | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO.: AMD-00CV1037 |
| MADIGAN CONSTRUCTION CO., INC., et al. | * | |
| | * | |
| Defendants | | |

\* \* \* \* \*

**AFFIDAVIT OF B. MICHAEL BOWEN**

STATE OF NEVADA )
) to wit:
COUNTY OF CLARK )

I, B. MICHAEL BOWEN, being duly sworn, depose and state:

1. I am over 21 years of age, and I have personal knowledge of the matters alleged in the Complaint, the Amended Complaint and Mid-State Surety Corporation's Motion for Summary Judgment. I am personally familiar with all documents referred to in the Motion and all facts and circumstances addressed in the Motion.

2. I am the claims Manager for Mid-State Surety Corporation ("Mid-State").

3. On October 26, 2000, United States District Judge Andre' Davis entered an Order requiring the Defendants, Madigan Construction Company, Inc. and Paul and Carolyn Madigan ("Defendants") to post collateral security in favor of Mid-State in the amount of $600,000.00. Thereafter, the Defendants provided an Indemnity Deed of Trust in favor of Mid-State, with a maximum value of $600,000.00.

4. Thereafter, on June 4, 2001, Judge Davis entered a second Order requiring the Defendants to deposit additional collateral security in favor of Mid-State, bringing the aggregate

amount of collateral to be held by Mid-State to $1,000,000.00. The Defendants, in violation of Judge Davis' second Order, never posted the additional collateral security.

5. Pursuant to its rights under the General Agreement of Indemnity, Exhibit 1 to Mid-State's Motion for Summary Judgment, Mid-State was and is entitled to hold the posted collateral as security against losses paid and expenses incurred. Mid-State agreed, however, that it would not attempt to exercise its rights against the collateral, by foreclosure or otherwise, until such time as it had obtained a money judgment against the Defendants. Because no money judgment has as yet been entered in this case, Mid-State has not exercised any of its rights against the collateral. Stated differently, Mid-State has never reimbursed itself out of any of the collateral held in connection with Judge Davis' Orders.

6. Accordingly, the entire amount claimed by Mid-State in its Motion for Summary Judgment, $1,264,566.86, remains outstanding, unpaid, due and owing.

_____
B. Michael Bowen

State of Nevada,

County of Clark, to wit:

I HEREBY CERTIFY that before me, a Notary Public in and for the State of Michigan, County of Wayne, as aforesaid, personally appeared B. Michael Bowen, as Claims Manager of Mid-State Surety Corporation, and made oath in due form of law that the facts and matters set forth herein are true and correct.

As Witness, my hand and Notarial Seal, this 5 day of January, 2004.

_____
Notary Public

My Commission Expires: July 11, 2005

THERESA L. ESPINOZA
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 01-70824-1
MY APPT. EXPIRES JULY 11, 2005